The opinion of the court was delivered by
Kennedy J.
Several errors have been assigned, one of which, only, appears to be sustainable. The others are so totally destitute of even plausibility, that it is unnecessary to notice them otherwise than to pronounce their entire want of every thing that can present itself to the consideration of a court of error, as a ground for relief. The error that we are inclined to consider fatal, is founded on the exception to the opinion of the court, in admitting the testimony of Richard Pryor, to prove that the bond given to secure the payment of the debt, for which the judgment had been entered, in virtue of a warrant of attorney thereto annexed, was paid before the entry of the judgment. The question then is, did this evidence tend to support the averments contained in the plaintiff’s declaration? Because if it did, it was rightly admitted; but if it did not, then it ought to have been rejected. In regard to this point, there is no rule better established, than that the probata ought to agree with the allegata. Now, what is it that the plaintiff has alleged, as to this, in his declaration. He, in substance complains, that the defendant wrongfully and unjustly sued out an execution upon a judgment which he had against the plaintiff, after it had been actually paid ; and by virtue thereof wrongfully and unjustly caused the land of the plaintiff to be seized and sold at $ 1500 less than its real value. But the evidence offered and admitted, was not to show that the judgment had been paid, but that the debt for which the judgment had been entered, was paid, before the entry thereof. This was certainly not in accordance with the plaintiff’s allegation. For, although it might be making out a more aggravated case of injury than that set forth in his declaration, still it *168 was -not in terms nor yet in substance the same: Because, by his declaration, he seems to admit the correctness and justness of the judgment originally, but alleges that it had been paid, and therefore • it was wrong and unjust in the defendant to sue out the execution upon it, and to cause his, the plaintiff’s land, to be sacrificed or sold for $ 1500 less than its value. The plaintiff having thus admitted that the judgment was properly entered, it is clear that the defendant had no occasion to come prepared at the trial, to maintain it to be so. It was sufficient, in order to meet the allegation of the plaintiff, that the defendant came prepared to show, that the judgment had not been paid or satisfied at any time after it was entered, and previously to suing out the execution and making sale of the land under it. But the evidence of Pryor, instead of going to support the allegation that the judgment had been paid, went to prove that the debt for which it was entered, had been paid prior to the entry thereof; and that the authority originally given for entering the judgment, had thereby been revoked, and that the judgment was therefore to be considered a nullity. To say the least of it, this was presenting the case in an aspect quite different from that given to it in the declaration. That it is materially different, too, was decided by this court at the last term at Pittsburgh, in Braddy v. Brownfield, which will be reported in 4 Watts; where, in an action founded upon our act of Assembly, against a plaintiff in a judgment entered in his favour on a judgment bond, for not entering satisfaction in the prothoftotary’s office, where the judgment existed, after being paid the amount thereof; it was ruled that evidence going to show that the debt or bond had been paid and satisfied before the entry of the judgment, was properly rejected by the court below, on the trial of the cause. It being thus settled, that the payment or satisfaction of a debt mentioned in a judgment bond, before the entry of a judgment upon it, does not mean the same thing with the payment or satisfaction of the judgment after it is entered; the defendant in the present case, had no reason to expect that such evidence as' that of Pryor’s would be offered, or if offered, that it would be received, and, therefore, was not bound to come prepare ,ed to encounter it. If the plaintiff’s case really be, that the debt was paid prior to the entry of the judgment upon, which the execur •tion was sued out and the land sold, then, instead of insisting upoq having his evidence admitted, he ought first to have had his declaration amended by leave of the court. This, I presume, the court would have permitted him to do, so as to meet the evidence; but, then, the defendant, if not prepared to answer to the declaration in its amended form, would have been entitled to'the costsof the term, and a postponement of the trial until the succeeding term. It may be also, that the declaration, is defective in not stating that the proceeding of the defendant, complained of by the plaintiff, was done maliciously, and luith an intent to injupe and oppress, &c. Goslin *169 v. Wilcock, 2 Wils. 305, instead of stating it as it is, to have been done wrongfully and unjustly, with intent, &c. As this, however, has not been assigned for error, it is unnecessary to express an opinion upon it.
The judgment is reversed, and a venire de novo awarded.